IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02596-MSK-CBS

DAVID JACKSON, *pro se*,
    Plaintiff,
v.

ERIC K. SHINSEKI, Secretary, United States Department of Veterans Affairs, and
LYNETTE A. ROFF, Director, VA Eastern Colorado HCS,
    Defendants,

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Mr. Jackson's "Amended Motion to Compel Joinder of Additional Parties General Form Pursuant to Fed. R. Civ. P. 15(a), 20(b), 21, 41(a), and within the Time Allowed by Law Fed. R. Civ. P.  R. Civ. P. 4(m)" (filed December 13, 2010) (doc. # 28); and (2) Mr. Jackson's "Motion and Notice for Leave to File Amended Pleading Pursuant to Fed. R. Civ. P. 4(m) and 15(a)(2)" (filed December 13, 2010) (doc. # 30).  Pursuant to the Order of Reference dated November 4, 2010 (doc. # 7) and the memoranda dated December 14, 2010 (docs. # 31 and # 33), these matters were referred to the Magistrate Judge.  The court has reviewed the matters, the entire case file, and the applicable law and is sufficiently advised in the premises.

    In both Motions, Mr. Jackson seeks to add the United States of America and Eric Ken Shinseki as defendants in this lawsuit.  Mr. Shinseki is already named as a defendant.  Mr. Jackson alleges that "[t]he case before us is governed by the Privacy Act."  (*See* Complaint (doc. # 4) at p. 2 of 17).  The Privacy Act authorizes suits only

against "agencies" and not individuals. 5 U.S.C. § 552a(g)(1) ("the individual may bring a civil action against the agency . . . ."). *See also Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1340 (9th Cir. 1987) (agency is only proper party to Privacy Act suit; civil remedy provisions not applicable to individual defendants), *abrogation recognized on other grounds*, 2005 WL 3776351 (D. Wyo. 2005);  *Mumme v. U.S. Dep.'t of Labor*, 150 F. Supp. 2d 162, 169 (D. Me. 2001) (explaining "a [plaintiff] bringing a Privacy Act claim must bring suit against a particular agency, not the entire United States"); *Hay v. Secretary of the Army*, 739 F. Supp. 609, 613 (S.D. Ga. 1990) ("Under the Privacy Act, the 'agency' which improperly communicated or maintained the records, at issue in the lawsuit, is the proper defendant, not individuals.") (citation omitted);  *Weiss v. Sawyer*, 28 F. Supp. 2d 1221, 1228 (W.D. Okl. 1997) ("[T]he Privacy Act's civil remedies are limited to claims against federal agencies, and are not available against individual federal employees").

Mr. Jackson's complaint also refers to Title 38 U.S.C. § 7332, which protects veterans' medical records, but he is not seeking relief under that statute.  (*See id.* at pp. 3, 4, 6-7, 10 of 17).  Pursuant to 38 U.S.C. § 7332, disclosure of personally identifying information concerning diagnosis, prognosis, or treatment relating to "drug abuse, alcoholism or alcohol abuse, [HIV] infection . . . [,] or sickle cell anemia" is prohibited unless the veteran gives written permission. 38 U.S.C. § 7332(a)(1), (b)(1).  Nothing in section 7332 suggests a congressional purpose of providing a private cause of action. *Ellis v. Multomah County*, 2004 WL 1636539 (D. Or. 2004).

The United States of America is not a proper party defendant to the claims in this case.  Accordingly, IT IS ORDERED that:

1.      Mr. Jackson's "Amended Motion to Compel Joinder of Additional Parties General Form Pursuant to Fed. R. Civ. P. 15(a), 20(b), 21, 41(a), and within the Time Allowed by Law Fed. R. Civ. P.  R. Civ. P. 4(m)" (filed December 13, 2010) (doc. # 28) is DENIED.

2.      Mr. Jackson's "Motion and Notice for Leave to File Amended Pleading Pursuant to Fed. R. Civ. P. 4(m) and 15(a)(2)" (filed December 13, 2010) (doc. # 30) is DENIED.

DATED at Denver, Colorado, this 16th day of December, 2010.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge