FILED
United States Court of Appeals
Tenth Circuit

May 4, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: DAVID JACKSON,

    Petitioner.

No. 11-1167
(D.C. No. 1:10-CV-02596-MSK-CBS)
(D. Colo.)

---

**ORDER**

---

Before **LUCERO**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

    This matter comes before the court on petitioner David Jackson's petition for a writ of mandamus and motion to proceed in forma pauperis. Mr. Jackson is proceeding pro se and in forma pauperis in case No. 10-cv-02596-MSK-CBS currently pending in the United States District Court of the District of Colorado. The district court granted Mr. Jackson's request to have the U.S. Marshal serve the complaint on the two defendant officials of the Department of Veterans Affairs, which it did. Mr. Jackson subsequently amended the complaint to add two more defendants, the United States and the Department of Veterans Affairs. He mailed the amended complaint to AUSA Mendelson on behalf of all the named defendants and also submitted summonses to the Clerk, asking that they be signed and sealed in accordance with Fed. R Civ. P. 4(b).

Mr. Jackson alleges that the Clerk refused to sign the summonses because the court had directed service by the U.S. Marshal. He further alleges that the district court records do not reflect that the U.S. Marshal has served the amended complaint on any of the defendants. Mr. Jackson therefore asks that this court direct the district court to compel service of the amended complaint on all the named defendants.

"[A] writ of mandamus is a drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotation marks omitted). To obtain mandamus relief, Mr. Jackson must demonstrate that he "ha[s] no other adequate means to attain the relief he desires" and that "his right to the writ is clear and indisputable." *Id*. at 1187 (internal quotation marks omitted). Further, this court, "in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id*. (internal quotation marks omitted).

We note that several days after he filed this request for mandamus relief, Mr. Jackson filed an emergency motion in the district court seeking the same relief. The district court has set a hearing on that motion in two weeks, on May 11, 2011. Further, two of the defendants have already responded to the amended complaint. Under the circumstances, we conclude that Mr. Jackson has not made an adequate showing and that the grant of mandamus relief is not appropriate.

Mr. Jackson's petition for writ of mandamus is DENIED. His motion for leave to proceed in forma pauperis in this court also is DENIED and he is directed to pay the filing fee forthwith.

Entered for the Court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk